# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Debra J. Brent, | ) |
|     **Plaintiff,** | ) |
| v. | ) Case No. 8:14-cv-01705-PWG |
| Priority 1 Automotive Group, Inc., *et al.* | ) |
|     **Defendants.** | ) |

### RULE 56(D) DECLARATION OF MS. DEBRA BRENT

I, Ms. Debra Brent, hereby make this Declaration in support of Plaintiff's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss and Compel Arbitration, filed in the above-captioned matter.

1) I am over the age of eighteen (18) and am otherwise competent to make this Declaration on my own behalf. The information contained in this Declaration is based on facts within my personal knowledge, and is accurate to the best of my personal knowledge, records, and personal recollection.

2) Defendants have not provided a complete copy of their Employee Handbook either in their papers filed with the Court or to my attorneys. Defendants should provide both the version of the Employee Handbook which was in use on March 19, 2012, and the one currently in use. The earlier version is needed to provide context to the "accompanying" dispute resolution policy which Defendants allege I signed, while the later version is needed to aide in evaluating the ambiguities present in Defendants' dispute resolution policies.

3) Defendants have not produced relevant information regarding my alleged "e-signature" of the Employee Handbook and the allegedly "accompanying" "Dispute Resolution via Arbitration Policy".

_DJB_
Initials                                  Page 1 of 4

4) Among the information which defendants have not provided is the following:

   a. Information regarding the reliability of the computer(s) used by Defendants as part of their e-signature software program, both at present and on March 19, 2012, to verify that no data was erroneously deleted, altered, added to, or associated with what Defendants allege was my unique user ID;

   b. The identity of Defendants' e-signature software program on March 19, 2012, so that we can determine if the program was properly configured to correctly record the intended inputs;

   c. The identity of Defendants' current e-signature software program so that we can determine if the original software program was properly preserved for inspection for possible defects which could contaminate the intended inputs;

   d. The procedure(s) used by Defendants at present and on March 19, 2012 for recording data in the alleged "E-signature Log" (the "Log") allegedly maintained by Priority 1;

   e. The safeguards, if any, possessed by Defendants' e-signature software and associated computer hardware to ensure accuracy of information recorded and to identify and correct errors both at present and on March 19, 2012,;

   f. The steps taken by Defendants to maintain the e-signature software and associated computer hardware since March 19, 2012;

   g. Evidence that the e-signature software and associated computer hardware was in working order at the time it allegedly recorded my e-signature;

   h. The manner in which the data contained in the Log has been stored at all times since March 19, 2012;

_DJB_
Initials                              Page 2 of 4

i. If the data shown in the Log is contained in a database, how that database was queried by Defendants to produce the Log provided by Defendants;

j. What, if any, other data is or, since March 19, 2012, has been stored by the Log and the database from which the Log was created;

k. How the physical version of the Log provided by Defendants was prepared and created;

l. Any procedures governing access to the data which was used to create the Log between March of 2012 and the present day;

m. Access or audit records which identify each access of, and change made to, the data stored in the database or Log between March of 2012 and the present day;

n. Information regarding whether the computer used to produce the Log was in proper working order when it produced the Log;

o. An explanation of the categories of data contained in the Log. This explanation should address the fact that, while Defendants maintain I accessed and electronically signed six documents, the Log contains only one "viewed_date" one "signed_date";

p. How access to the database and e-signature program is administratively controlled, which individual(s) are authorized to access the database, which individuals have the power to access the database, which individual(s) are permitted to access user data (including passwords), which individuals have the power to access user data (including passwords), which individuals can view, change, or reset user passwords, and which individual(s) have root or administrative rights to the machine(s) on which the Log is maintained, as well as all policies and procedures related to these matters;

q. How changes in the database are logged or recorded;

_____
Initials

Page 3 of 4

    r. A description of the audit procedures used by Defendants to ensure the integrity of the database;

    s. A description of any changes made to any records related to me in the database since its creation; and

    t. An unredacted version of the Log.

5) Depending on Defendants' responses to the above questions, it may also be necessary for Defendants to make available for my inspection a working version of the e-signature program functionally identical to that in use by Defendants on or about March 19, 2012.

6) Depending on Defendants' responses to the above questions, it may be necessary for Defendants to produce for inspection the uncompiled source code of the e-signature program used by Defendants on or about March 19, 2012.

7) Depending on Defendants' responses to the above questions, it may be necessary for Defendants to make one or more witness(es) available pursuant to Federal Rule of Civil Procedure 30(b)(6) who are qualified to testify regarding the above matters.

8) All of the above items are necessary for this Court to rule upon, and for my counsel to be able to fully address, all of the disputed issues of arbitrability which are raised in the above-captioned matter.

I declare under penalty of perjury that the foregoing is true and correct.

_Debra J. Brent_                      November 11, 2014
Ms. Debra Brent                           Date

_DJB_
Initials                    Page 4 of 4