**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **DEBRA J. BRENT,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: PWG-14-1705** |
| **PRIORITY 1 AUTOMOTIVE GROUP,** | * | |
| **BMW OF ROCKVILLE,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Debra J. Brent filed suit, *pro se*, alleging that her former employer, Priority 1 Automotive Group, BMW of Rockville ("Priority 1"), terminated her employment in retaliation for participating in protected activity, and thereby violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Compl., ECF No. 1.  Priority 1 seeks to dismiss the complaint and arbitrate the claim under an alleged arbitration agreement ("Arbitration Agreement") that Plaintiff purportedly entered into when her employment commenced.  Def.'s Mot. to Dismiss Compl. & Compel Arbitration, ECF No. 6.[1]  As Plaintiff sees it, the Arbitration Agreement is not valid because she never received a copy of the employee handbook that contained it ("Employee Handbook") nor signed any acknowledgement of such receipt.  Because I must treat Defendant's motion to dismiss the complaint as a motion for summary judgment, and a genuine dispute exists as to the validity of the Arbitration Agreement, I will deny the motion. The motion to compel arbitration is denied without prejudice to being resubmitted on request, as this case will proceed

---

[1] The parties fully briefed this motion.  *See* ECF Nos. 6-1, 14, 15 & 21.  A hearing is not necessary.  *See* Loc. R. 105.6.

with discovery on the validity of the Arbitration Agreement, and I will hold a jury trial to determine this discrete matter of fact.   Plaintiff's pending Motion for Leave to File First Amended Complaint, ECF No. 26,[2] is denied without prejudice to being resubmitted on request, following the jury trial on the validity of the Arbitration Agreement.

## I.     MOTION TO DISMISS COMPLAINT AND COMPEL ARBITRATION

### A.  Standard of Review

Defendant moves to dismiss the complaint and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–15.[3]   Congress enacted the FAA "to promote the enforceability of arbitration agreements and to make arbitration a more viable option to parties weary of the ever-increasing 'costliness and delays of litigation.'" *Saturn Distribution Corp. v. Williams*, 905 F.2d 719, 722 (4th Cir. 1990) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 220 (1985) (quoting H.R. Rep. No. 96, 68th Cong., 1st Sess. 2 (1924) (quotation marks omitted))).   It "reflects 'a liberal federal policy favoring arbitration agreements.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).   If an issue is "'referable to arbitration under an agreement in writing for such arbitration,'" then a stay is mandatory and a motion to compel must be granted. *Id.* (quoting 9 U.S.C. § 3).

Relevantly, "'even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate.'" *Adkins*, 303 F.3d at 501 (quoting *Arrants v. Buck,* 130 F.3d 636, 640 (4th Cir. 1997)).   Here, Plaintiff challenges the very

---

[2] The parties have briefed this motion also.  *See* ECF Nos. 26-1, 29, 29-3, 33.

[3] Defendant asserts that "[t]he FAA applies to the Arbitration Agreement," Def.'s Mem. 8, and Plaintiff does not argue to the contrary, *see* Pl.'s Supp. Opp'n 1.

existence of the Arbitration Agreement, rather than its scope.  *See* Pl.'s Opp'n 1; Pl.'s Supp. Opp'n 8–21.  As both parties acknowledge, when a party moves to compel arbitration and the validity of the purported arbitration agreement between the parties is disputed, the motion is treated as one for summary judgment.  *See Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011); *see also id.* at 252 n.5 ("If the parties dispute the existence of an arbitration agreement, the court must 'hear the parties' on the issue, and the party alleged to have violated the arbitration agreement is entitled to a jury trial on the existence of an agreement.  Standard summary judgment rules apply." (quoting 9 U.S.C. § 4 and citing *Shaffer v. ACS Gov't Servs., Inc.*, 321 F. Supp. 2d 682, 684 n.1 (D. Md. 2004))).  Therefore, I will treat Defendant's motion as one for summary judgment on the validity of the Arbitration Agreement.  *See id.*; *see also* Fed. R. Civ. P. 12(d) (requiring conversion of motion to dismiss to motion for summary judgment where, as here, movant attaches affidavits in support that are not integral to the pleadings).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013).  The question here is "whether a contract to arbitrate was formed," and "unless there is no genuine issue of fact as to whether a contract was formed, the court must submit the question to the jury."  *Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014).  To determine whether an arbitration agreement exists, "[c]ourts apply 'ordinary state-law principles that govern the

formation of contracts.'" *Id.* (quoting *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 607 (4th Cir. 2013) (internal quotation marks and citations omitted)).

## B.  Discussion

Under Maryland law,[4] a contract exists where there is "'mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013) (quoting *CTI/DC, Inc. v. Selective Ins. Co. of Am.*, 392 F.3d 114, 123 (4th Cir. 2004)).  Here, the parties dispute whether Plaintiff accepted the Arbitration Agreement.  Priority 1 contends that "Plaintiff entered into an agreement with Defendant in March 2012 that the terms of her employment with Defendant were subject to the policies and provisions contained in Defendant's standard employee information handbook," and the Employee Handbook, in turn, "contained arbitration provisions whereby Plaintiff and Defendant agreed that all differences or disputes between the parties, including any controversy or claim arising out of or related to Plaintiff's employment with Defendant, shall be submitted to binding arbitration, as opposed to litigation."  Def.'s Mem. 1. Specifically, according to Priority 1, Plaintiff signed an "Offer of Employment Confirmation" ("Offer") that incorporated the Employee Handbook into it and "electronically signed an acknowledgment of her receipt of the . . . Employee Handbook."  *Id.* at 2.

In support, Defendant attached the August 13, 2014 Affidavit of Nancy Delach, Human Resources Manager for Priority 1, to which are attached the Offer, Delach Aff. Ex. A, as well as the Arbitration Agreement as it appears in the Employee Handbook, Delach Aff. Ex. B.  ECF No. 6-2.  According to Ms. Delach, "[i]n connection with Brent's hiring by Priority 1, Brent executed a number of employment-related documents in March 2012, including an Offer of

---

[4] The parties agree that Maryland law applies. *See* Def.'s Mem. 11; Pl.'s Supp. Opp'n 12, 16, 20.

Employment Confirmation," and, "[i]n addition to executing the Offer of Employment Confirmation, Brent electronically signed an acknowledgement of her receipt of the . . . Employee Handbook."  Delach Aff. ¶ 5, Aug. 13, 2014.  The Offer provides that the "Terms of Employment" are "[s]ubject to company policies and provisions contained in standard employee information handbook."  It includes a "Start Date" of March 1, 2012 and is signed by Plaintiff and a "Manager," but the signatures are not dated, and the line for "Senior Management Signature" is blank. The Arbitration Agreement provides, under the heading "Binding Arbitration Program," that "[a]ny controversy or claim arising out of, or related to your current employment with this Company, shall be settled by arbitration in accordance with the current rules of the American Arbitration Association," and, under the heading "ARBITRATION," that "[t]he Employee agrees that as a condition of Priority 1 A.G. employment and continued employment, that any and all differences or disputes between the employee and the company shall be settled by the parties or through binding arbitration. . . ."[5]  It includes a line for "Employee Signature" and a date line, but both are blank.

While proceeding *pro se*, Plaintiff opposed the motion, insisting that she never signed the Arbitration Agreement and "never received signed [sic] a receipt, electronically or otherwise, for Defendant's standard employee information handbook," such that no valid arbitration agreement exists between her and the employer.  Pl.'s Opp'n 1.  She stated in a supporting affidavit that she "never signed any documents either manually or electronically that were presented to [her] by any Priority 1 Automotive employee whereby [she] agreed to settle any and all disputes with Priority 1 Automotive via arbitration," and that she "was never provided with a Priority 1 Automotive company Policy and Employee Handbook."  Brent Aff. ¶¶ 1–2, ECF No. 14-1.

---

[5] Plaintiff disputes whether this "ARBITRATION" provision is part of the Employee Handbook, referring to it instead as a "separate document."  Pl.'s Supp. Opp'n 6.

In reply, Defendant noted that Plaintiff did not contest that she signed the Offer.  Def.'s Reply 2.  Additionally, Defendant relied on a second affidavit from Ms. Delach to demonstrate that Plaintiff received the Employee Handbook.  *Id.* at 2–3.  Ms. Delach attested that each

> employee[] hired by Priority 1 during the timeframe between March 2012 and July 2012, including Brent . . . was assigned a unique subscriber identification number by Priority 1 and required to log into a secure web portal utilizing that employee's identification number for the purposes, *inter alia*, of: (1) viewing the Company Policy and Employee Handbook (including accompanying Dispute Resolution via Arbitration Policy); and (2) electronically signing an acknowledgment of that employee's receipt of same and agreement thereto.

Declach Aff. ¶ 5, Oct. 20, 2014, ECF No. 15-1.  According to Ms. Delach, the portal's initial page said "'**E-Signature Requirement.** Your E-Signature is Required. Please click the ESignature icon to proceed. By completing the e-signature you are agreeing to Receipt of the Priority 1 Automotive Group Company Policy and Employee Handbook; Dispute Resolution via Arbitration Policy'" and four other employment documents.  *Id.* ¶ 5.  She explained that, "to acknowledge receipt of and agreement to the . . . Employee Handbook (including accompanying Dispute Resolution via Arbitration Policy), employees had to first click on the aforementioned document link in order to view the . . . Employee Handbook (including accompanying Dispute Resolution via Arbitration Policy), and then click the aforementioned 'E-Sign' button."  *Id.*  Ms. Delach attached "the E-Signature Log maintained by Priority 1 for employees of the company hired during the timeframe between March 2012 and July 2012," contending that it shows that, "on March 19, 2012, Brent logged into the aforesaid web portal utilizing [her] subscriber ID number . . . , viewed the . . . Employee Handbook (including accompanying Dispute Resolution via Arbitration Policy), and electronically signed an acknowledgment of her receipt thereof and agreement thereto."  *Id.* ¶ 8; *see id.* Ex. C.

Now, with the benefit of counsel, Plaintiff maintains her arguments while also contending that "the meaning of the '[s]ubject to company policies . . .' line in the Employment Offer" is disputed, and that the validity of the Arbitration Agreement can be established "only following discovery into the Employee Handbook and the electronic systems associated with Defendant['s] electronic signature software."  Pl.'s Supp. Opp'n 5, 12.  In a Declaration, Plaintiff states that she "understood [the Offer] to deal[] solely with [her] compensation plan," and she "read the first two sentences of the Employment Offer conjunctively to mean that [her] compensation plan was confidential, subject to company policy."  Brent Decl. ¶¶ 3 & 7, Pl.'s Supp. Opp'n Ex. 2, ECF No. 21-2.  According to Plaintiff, discovery is necessary to determine "the reliability of the computer(s) used by Defendant[] as part of [its] e-signature software program . . . to verify that no data was erroneously deleted, altered, added to, or associated with what Defendant[] allege[s] was Ms. Brent's unique user ID," as well as the reliability of the creation and preservation of the e-signature log.  *Id.* at 17–18.  Plaintiff notes that the remainder of the Employee Handbook is not a part of the record, insisting that Defendant has not shown that it "was supported by mutual, non-illusory, consideration."  *See id.* at 5 n.4, 12.  Plaintiff also argues that Defendant has not shown that she agreed to enter into the Arbitration Agreement by e-signature, as required by the Maryland Uniform Electronic Transactions Act, Md. Code Ann., Comm. Law § 21-101 *et seq. Id.* at 20.  Attaching a Rule 56(d) affidavit, Pl.'s Supp. Opp'n Ex. 3, ECF No. 21-3, Plaintiff requests "a summary evidentiary hearing after appropriate discovery."  Pl.'s Supp. Opp'n 10.

Plaintiff's acceptance of the Arbitration Agreement is a material fact.  *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769 (4th Cir. 2013).  On the record before me, a genuine dispute exists regarding this fact, as Defendant provides evidence of Plaintiff's acceptance of the

Arbitration Agreement, and Plaintiff questions the reliability[6] of some of that evidence and provides evidence that she did not accept it.  With this dispute of material fact, I cannot conclude on the record before me that the employer is entitled to arbitrate as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 252 n.5 (D. Md. 2011). Therefore, Defendant's motion to dismiss the complaint, treated as one for summary judgment, is denied.  This case will proceed with discovery on the validity of the Arbitration Agreement, and I will hold a jury trial to determine this discrete matter of fact.  *See Galloway v. Santander Consumer USA, Inc.*, No. CCB-13-3240, 2014 WL 4384641, at *2 (D. Md. Sept. 3, 2014); *Rose*, 816 F. Supp. 2d at 252 n.5. Defendant's motion to compel arbitration is denied without prejudice to being resubmitted on request, following the jury trial.  *See Rose*, 816 F. Supp. 2d at 252 n.5.

## II.    MOTION TO AMEND

Plaintiff also has filed a Motion for Leave to File First Amended Complaint, which Defendant opposes.  Whether to grant a motion for leave to amend is within this Court's discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2).  The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits."

---

[6] In essence, Plaintiff challenges the authenticity of Defendant's e-signature software program and seeks discovery to determine whether the documents produced by it and relied upon by Defendant in its motion were the product of a system or process capable of producing reliable results. *See* Fed. R. Evid. 901(b)(9).

*Forman*, 371 U.S. at 182.  As Plaintiff's claims against Defendant may be subject to arbitration, amendment could be futile insofar as Plaintiff seeks to amend its existing claim and state additional claims against Defendant.[7]  Because futility cannot be determined until after the jury trial on the validity of the Arbitration Agreement, I will deny Plaintiff's motion to amend without prejudice to being resubmitted on request, following the jury trial on this matter.

## <u>ORDER</u>

Accordingly, it is, this 3rd day of March, 2015, hereby ORDERED that

1. Defendant's Motion to Dismiss Complaint, ECF No. 6, treated as a motion for summary judgment, IS DENIED.

2. Defendant's Motion to Compel Arbitration, ECF No. 6, IS DENIED WITHOUT PREJUDICE to being resubmitted on request, following the jury trial on the validity of the Arbitration Agreement.

3. Plaintiff's Motion for Leave to File First Amended Complaint, ECF No. 26, IS DENIED WITHOUT PREJUDICE to being resubmitted on request, following the jury trial on the validity of the Arbitration Agreement.

4. Counsel are to confer and to propose jointly by April 1, 2015 a pretrial schedule addressing any discovery that must be conducted regarding the narrow issue that will be put before the jury, and then arrange a telephone conference call with me to discuss discovery and further scheduling.  Toward this end, I am issuing my Standard

---

[7] Plaintiff also seeks to add "BMW of Rockville" as a defendant.  Her original Complaint, for which she used the Court-provided form, listed "Priority 1 Automotive Group" on the first line and "BMW of Rockville" on the second line for "Defendant(s)," but only provided one address. Compl. 1.  Her Civil Cover Sheet only listed "Priority One Automotive" as "DEFENDANTS." ECF No. 1-1.  Additionally, she only listed "Priority One Automotive" on the U.S. Marshal's Process Receipt and Return form, and only Priority 1 was served.  ECF No. 5.  Her proposed amended complaint lists the two companies separately.  *See* Am. Compl. 1, ECF No. 26-4.

Discovery Order so that counsel may be guided by it as they discuss the limited scope

of discovery needed to enable the trial of the issue that will be decided by the jury.

_____/S/_____
Paul W. Grimm
United States District Judge

lyb